IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DMITRI ALI DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-09-217-M |
| v. | ) | |
| | ) | |
| OKLAHOMA COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

<u>REPORT AND RECOMMENDATION</u>

Petitioner, who appears *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that he is challenging the conviction for Failure to Comply with the Sex Offender Registration Act entered in the District Court of Oklahoma County, Case No. CF-2004-4178. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed upon filing.

Petitioner states in the Petition that he entered a plea of guilty to the felony offense of Failure to Comply with the Sex Offender Registration Act, Okla. Stat. tit. 57, § 583, in the District Court of Oklahoma County, Case No. CF-2004-4178, and was sentenced on April 23, 2007. Petitioner states that he was sentenced to a five-year term of imprisonment, with one year to be served in the custody of the Oklahoma Department of Corrections ("ODOC")

and four years to be served under the supervision of the Oklahoma Department of Probation and Parole. Petitioner states that he is currently on probation, having previously served his term of confinement in the custody of ODOC.[1]

As his sole ground for habeas relief, Petitioner asserts that his conviction violates Article 1, Section 9 of the Constitution. Petitioner refers to the prohibition against the creation of a bill of attainder and ex post facto laws contained in this provision, although Petitioner's claim is more aptly based on the first clause of Article 1, Section 10 of the Constitution prohibiting States from adopting bills of attainder or ex post facto laws. Petitioner contends that the Oklahoma statute under which he was convicted, Okla. Stat. tit. 57, § 583, constitutes a unconstitutional bill of attainder and ex post facto law as it was applied to him, that he "didn't break any law," and that his conviction and sentence should be "overturned and removed from my record."

In an ex post facto challenge to Alaska's Sex Offender Registration Act, the Supreme Court held in Smith v. Doe, 538 U.S. 84 (2003), that the retroactive application of this statute did not violate the Ex Post Facto Clause of the Constitution. The Tenth Circuit Court of Appeals recently rejected a challenge to a conviction under the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250, on ex post facto grounds, finding that the conviction

---

[1] Petitioner's current status as an offender on probation serving a suspended sentence is sufficient to satisfy the "in custody" requirement for habeas jurisdictional purposes. See Jones v. Cunningham, 371 U.S. 236, 243 (1963)(petitioner on parole satisfies "in custody" requirement for habeas jurisdiction); Olson v. Hart, 965 F.2d 940, 942-943 (10th Cir. 1992)("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief."); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004)("It is equally clear that being on probation meets the 'in custody' requirement for purposes of the habeas statute.").

based on the defendant's "fail[ure] to keep his [sex offender] registration current in Oklahoma after a change of residence or employment" did not violate the Ex Post Facto Clause. United States v. Hinckley, 550 F.3d 926, 936 (10th Cir. 2008), pet. for cert. filed (U.S. Feb. 9, 2009)(No. 08-8696). The Tenth Circuit also rejected the defendant's challenge to the constitutionality of the federal sex offender registration law itself on ex post facto grounds. Id. at 936-938.

The federal Sex Offender Registration and Notification Act, like Oklahoma's law, requires any sex offender who is residing in the State to register and applies to sex offenders convicted before the law's effective date. Hinckley, 550 F.3d at 929; Okla. Stat. tit. 57, §582. It is, however, not necessary to address the merits of Petitioner's claims. On the face of his Petition, Petitioner admits that he did not appeal his conviction. Moreover, Petitioner has provided no explanation for his failure to file his federal habeas petition within one year after his conviction became final.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA amends 28 U.S.C. § 2244 by imposing a one-year period of limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). As a state probationer seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the

AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  According to Petitioner, his conviction in Case No. CF-2004-4178 was entered on April 23, 2007, and he was sentenced on the same date.  Because Petitioner did not file a motion to withdraw the plea or seek to appeal the plea-based conviction, the conviction became "final" under 28 U.S.C. §2244(d)(1)(A) on May 3, 2007, ten days after the pronouncement of the judgment and sentence. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002).  See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App.  The one-year limitation period applicable to the filing of his federal habeas petition  expired one year later, on May 3, 2008, absent statutory or equitable tolling exceptions.  Petitioner did not file his 28 U.S.C. § 2254 Petition until February 24, 2009, well after the one-year limitation period expired.

There are no statutory tolling exceptions applicable to extend the limitation period in this case.  Petitioner admits that he has not sought post-conviction relief in the state courts. Moreover, Petitioner has not shown that an extraordinary circumstance excuses his failure to timely file his federal habeas petition. "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)).  Extraordinary

circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period," but equitable tolling is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

    In his Petition, Petitioner states only that he did not understand the question requiring him to explain why, in the event that his judgment of conviction became final more than one year previously, the one-year limitations period contained in 28 U.S.C. § 2244(d) would not bar his petition. Petitioner's ignorance of the law is not a circumstance that warrants equitable tolling, see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000(ignorance of the law does not excuse untimely filing), and he has provided "no factual showing of mental incapacity" that might warrant equitable tolling. See Lawrence, 549 U.S. at 337 (rejecting habeas petitioner's argument that his mental incapacity entitled him to equitable tolling of one-year filing limitations period). Nor has Petitioner made any showing of his actual innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995)(holding habeas petitioner must support his allegations of innocence with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial"). Consequently, Petitioner has failed to timely file his federal habeas

petition, and he has failed to show that he has both diligently pursued his federal claims and that some extraordinary circumstance stood in the way of his timely filing of the instant Petition. The Petition is therefore time-barred and should be dismissed.

### RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     March 18th     , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   26th   day of   February  , 2009.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE